NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 17 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| I AND U, INC., a California Corporation, | No. 14-56473 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-00018-GAF-AJW |
| v. | |
| PUBLISHERS SOLUTIONS INTERNATIONAL, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted June 8, 2016
Pasadena, California

Before: KOZINSKI, GOULD, and HURWITZ, Circuit Judges.

I and U, Inc. ("I&U") appeals a district court order granting a special motion

to dismiss filed by Publishers Solutions International ("PSI") under the California

anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16, to strike I&U's trade libel claim.

---

\*      This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

We have jurisdiction under 28 U.S.C. § 1291, *see Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 595 (9th Cir. 2010), and affirm.

1.      After an investigation revealed what PSI believed to be the submission of fraudulent subscriptions by I&U to PSI's publisher clients, PSI sent I&U a letter demanding, on the clients' behalf, that I&U pay $100,000 to resolve the issue. "Ordinarily, a demand letter sent in anticipation of litigation is a legitimate speech or petitioning activity that is protected under section 425.16." *Malin v. Singer*, 159 Cal. Rptr. 3d 292, 299 (Ct. App. 2013). PSI's demand included a reservation of the publishers' legal rights, indicating that potential litigation was more than "a mere possibility" and was "contemplated in good faith and under serious consideration." *Rohde v. Wolf*, 64 Cal. Rptr. 3d 348, 354 (Ct. App. 2007) (quoting *Edwards v. Centex Real Estate Corp.*, 61 Cal. Rptr. 2d 518, 528 (Ct. App. 1997)). PSI's communications were therefore protected under the anti-SLAPP statute as pre-litigation petitioning activity. *Cabral v. Martin*, 99 Cal. Rptr. 3d 394, 404 (Ct. App. 2009).

2.      California's litigation privilege, Cal. Civ. Code § 47(b), "is not limited to statements made during a trial or other proceedings, but may extend to steps taken prior thereto." *Rusheen v. Cohen*, 128 P.3d 713, 719 (Cal. 2006). We conclude that PSI's demand letter was protected under the privilege. *See Briggs v. Eden Council for Hope & Opportunity*, 969 P.2d 564, 569 (Cal. 1999). Thus, I&U cannot

2

establish a likelihood of prevailing on the merits of its trade libel claim, which is premised on PSI's investigation of the publishers' claims and the statements in the demand letter.

**AFFIRMED.**